## UNITED STATES of America v. WALTER GERBRON, Inc., Appellant.

No. 10617.

United States Court of Appeals
Third Circuit.

Argued March 6, 1952.

Decided March 12, 1952.

Ralph B. Umsted, Philadelphia, Pa. (Abraham Nathanson, Philadelphia, Pa., on the brief), for appellant.

George A. Fruit, Washington, D. C. (Holmes Baldridge, Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., Erwin Lodge, Sp. Asst. to U. S. Atty., Philadelphia, Pa., Edward H. Hickey, Washington, D. C., on the brief), for appellee.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

PER CURIAM.

This is an appeal by the defendant from a judgment of the district court entering a

3. 26 U.S.C.1946 ed. § 143.

final injunction restraining the defendant from violating certain provisions of the Defense Production Act of 1950, 50 U.S.C.A. Appendix, § 1 et seq. The defendant concedes that it failed to comply with the act but asserts that after the entry of the preliminary injunction but before final hearing, it had brought itself into compliance and that a final injunction should, therefore, not have been entered against it. It is settled, however, that the question whether an injunction shall be issued under such circumstances is to be determined by the district court in the exercise of its discretion. Hecht Co. v. Bowles, 1944, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754. We find no basis in the record of this case for holding that the district court abused its discretion in issuing the final injunction here appealed from.

The judgment of the district court will be affirmed.